No. 13,945.

## JOSEPH v. FISHER ET AL.

POWER OF ATTORNEY.—*Defective Acknowledgment.—Authority Conferred.—Conveyance.*—A power of attorney to make a conveyance of realty, defective because of improper acknowledgment, having been acknowledged before a master in chancery, instead of the proper officer, nevertheless confers valid authority on the agent to make an executory contract of sale, and receive the purchase-price, the purchaser taking an equitable title to the land.

SAME.—*Deed by Attorney in his Own Name.—Effect.*—In such a case a deed made by the agent in his own name, without reference to his power, or his principal, though void as a conveyance, is competent evidence to show a sale of the land and the payment of the purchase-price, the receipt of the purchase-money having been therein acknowledged, and also to show the claim under which the purchaser went into possession of the land.

SAME.—*Marriage.—Power of Attorney How Affected by.*—The owner of the land having married subsequently to the execution of the power of attorney, the power of the agent to make a valid executory contract for the sale of the land was not thereby taken away.

SAME.—*Purchaser's Vested Right.—Subsequent Abolition of Dower.*—The purchaser above mentioned, the equitable owner, was entitled to enforce a conveyance of the legal title, subject only to the wife's right of dower when the purchase was made, in 1851. The subsequent abolition of dower, by the act of 1853, did not affect the right of the purchaser.

From the Wells Circuit Court.

*A. N. Martin,* for appellant.

*R. S. Taylor, J. P. Hale, J. S. Dailey, L. Mock* and *A. Simmons,* for appellees.

MITCHELL, C. J.—Susan S. Joseph instituted this suit for the partition of certain real estate in Wells county, of which she claimed to own an undivided one-third as widow of Lewis A. Joseph, deceased.

The facts, as specially found by the court, are, that Lewis A. Joseph became the owner of the land in controversy by patent from the United States in the year 1849. In May, 1851, he executed a power of attorney, which by its terms purported to confer authority upon Asa S. Joseph to bargain, sell and convey the land described, and to receive payment of the purchase-money. This paper was acknowledged before a master in chancery, and because that officer, under the statute then in force, had no authority to take the acknowledgment of deeds or other instruments which were required to be acknowledged in like manner as conveyances were required to be, the power of attorney was ineffectual as an authority to convey.

On the 25th day of September, 1851, Asa S. Joseph, assuming to act under the power of attorney above mentioned, sold the land to John Scott, and intending to execute the power made a conveyance to the purchaser, in which the receipt of the purchase-price is acknowledged. The deed was made by him in his own name, without any reference to the power, or to his principal, and was therefore void as a conveyance without regard to the invalid acknowledgment of the power of attorney.

Scott took possession under the purchase so made, and, claiming to be the owner, made lasting and valuable improvements on the land prior to January 1st, 1853. The purchaser and his grantees have remained in possession continuously ever since. The defendants claim by mesne conveyances through Scott.

The plaintiff was united in marriage with Lewis A. Joseph on the 5th day of June, 1851, which was after the power of attorney was executed as above, but before the sale and conveyance, or attempt to convey to Scott, she remained his wife until he died, in 1885, and no other conveyance of the land had ever been made by Joseph or his wife than that above mentioned.

Upon the foregoing facts the court stated conclusions of law, to the effect that the power of attorney above mentioned conferred valid authority upon Asa S. Joseph to make an executory contract of sale of the lands in controversy, and that the sale to Scott on the 25th day of September, 1851, and the possession taken by him under the purchase, vested in the purchaser an equitable title to the land, which was not divested or diminished by the act which took effect May 5th, 1853, abolishing dower, and that dower having been abolished, the plaintiff took no estate in the lands upon the death of her husband.

The power of attorney, because of its defective acknowledgment, did not invest the agent therein appointed with authority to convey the land. All that is claimed for it is, that the principal thereby conferred authority upon the agent to make an executory contract of sale, and receive the purchase-price. For all these purposes the power conferred was unquestionably ample and valid. It is conceded, too, that the deed made by the agent in his own name, without assuming to convey in the name of his principal, was not a valid execution of the power, even if that had been regularly executed and acknowledged. It is claimed, however, that the deed was competent as an item of evidence to show a sale of the land and the payment of the purchase-price, the receipt of the purchase-money having been therein acknowledged. It was undoubtedly competent evidence for

these purposes, and also to show the claim under which the purchaser went into possession of and held the land.

A sale having been made under a power which conferred ample authority to that end, and the purchaser having paid the purchase-price and entered into possession in pursuance of his contract of purchase, it follows that when the act of 1853, which abolished dower, took effect, the purchaser was in possession under a valid executory contract of purchase. He was as the court below concluded, the equitable owner of the land, entitled to enforce a conveyance of the legal title, subject only to such a right of dower as the law gave to the vendor's wife at the time the contract of purchase was completed. The law which was then in force had been repealed, and in its stead the act which took effect May 6th, 1853, had been enacted which gave to married women an estate in fee simple in one-third of the real estate then owned by their husbands. Scott having acquired a vested interest in the land prior to the enactment of the law of 1853, was not affected by it, as the rule is settled, by an unbroken line of decisions, that the interest of a purchaser acquired prior to the taking effect of the act was in nowise diminished or impaired by the act. *Strong* v. *Clem*, 12 Ind. 37; *Frantz* v. *Harrow*, 13 Ind. 507; *Hoskins* v. *Hutchings*, 37 Ind. 324; *Bowen* v. *Preston*, 48 Ind. 367; *Wiseman* v. *Beckwith*, 90 Ind. 185, and cases cited. These cases recognize the principle that the wife's inchoate right of dower in the real estate of her husband was subject to legislative control, but that the existing vested rights of third persons in the lands of the husband, whether acquired by deed, or mortgage in which the wife did not join, by sheriff's sale, adverse possession, or by an executory contract, were not subject to diminution or impairment by a law which enlarged the rights of a wife in the real estate of her husband.

The subsequent marriage of the owner of the land did not revoke or affect the power of attorney previously executed,

so far as to take away the power of the agent to make a valid executory contract for the sale of the land.

We find no error in the record.

The judgment is affirmed, with costs.

Filed March 1, 1890.