Denlar, Administrator, *et al. v.* Hile.

No. 13,954.

DENLAR, ADMINISTRATOR, ET AL. *v.* HILE..

REAL ESTATE.—*Contract to Convey in Consideration of Care and Support.—Specific Performance.*—An executory agreement to convey real estate in consideration of support and maintenance to be furnished, or of personal services to be performed, will not be specifically enforced. The agreement must have been executed at least so far that a refusal would operate as a fraud upon the party who has performed his part, and place him in a situation in which he could not be compensated in damages.

SAME.—*Possession.*—Where such a contract is established by competent evidence, and has been withdrawn from the operation of the statute by possession taken thereunder, and by fair and complete performance on the one hand, a decree for specific performance may be had in favor of the party who has taken possession and fully performed his part in reliance on the contract.

SAME.—*Beneficiary.—Contract.—Performance.—Fraud.*—Where it appears that the contract was fully and fairly performed, to the entire satisfaction of the beneficiary, it is too late, in the absence of any showing that the latter was overreached, or unfairly dealt with, for his heirs or personal representatives to insist that the contract was uncertain and indefinite, or that it was of a class which, while remaining executory, will not be specifically enforced.

SAME.—*Conveyance.—Repudiation.—Demand.*—Where a party who has covenanted to convey real estate repudiates, or denies, the contract, demand for a conveyance is not a condition precedent to an enforcement of the specific performance of such contract.

From the Noble Circuit Court.

*T. M. Eells* and *H. G. Zimmerman,* for appellants.

*R. P. Barr* and *L. W. Welker,* for appellee.

MITCHELL, C. J.—This was an action by Cynthia A. Hile against Albert J. Denlar, as administrator of the estate of Peter Fuller, deceased, and certain others, who it is alleged are the heirs at law of the decedent.

The purpose of the suit was to enforce the specific performance of a contract relating to certain real estate, and to quiet the title to the land in the plaintiff.

The sole question for decision involves the correctness of the ruling of the court in overruling a demurrer to the complaint. The facts set forth therein are in substance as follows : In November, 1884, Peter Fuller, who was the owner of a certain described tract of real estate in Noble county, entered into an agreement with the plaintiff, his daughter, with whom he was then living, to the effect that in consideration of an agreement on her part to care for, board, clothe and maintain him during the period of his natural life, he agreed to convey to her by deed the real estate then owned by him as above, and, also, transfer to her certain described personal property. It is averred that in pursuance of the contract so entered into, the decedent transferred to the plaintiff the personal property mentioned, and also put her in possession of the real estate, which she accepted and took possession of under the contract, and which she continued to hold at the commencement of this suit. It is alleged, further, that Peter Fuller died on the 13th day of June, 1885, and that the plaintiff had fully performed her part of the contract, but that the decedent, although willing to do so, and recognizing the plaintiff's right thereto, had, shortly after the making of the above contract, become unable by reason of sickness to execute a deed to her for the real estate which he agreed to convey.

The plaintiff averred that by reason of the foregoing facts she has become the equitable owner of the real estate described, but she alleges that the administrator of the estate of Peter Fuller has filed a petition in the proper court praying for an order to sell the above described real estate of which she is in possession, in order to make assets for the estate, claiming that Peter Fuller died the owner of the land, and that the other defendants are claiming title to the land as heirs of the decedent. The plaintiff prayed that the administrator be enjoined from selling the lands, that her title thereto be quieted, and that a commissioner be appointed to convey the land to her.

On the appellants' behalf it is contended that the facts stated in the complaint do not warrant a decree for specific performance, and that the plaintiff was not therefore entitled to a judgment quieting her title.

It is abundantly settled that an executory agreement to convey real estate in consideration of support and maintenance to be furnished, or of personal services to be performed, will not be specifically enforced by a court of chancery. *Ikerd* v. *Beavers,* 106 Ind. 483, and cases cited; *Lindsay* v. *Glass,* 119 Ind. 301; *Wollensak* v. *Briggs,* 119 Ill. 453.

The agreement must have been executed, at least so far that a refusal would operate as a fraud upon the party who has performed his part, and place him in a situation in which he could not be compensated in damages. *Wright* v. *Pucket,* 22 Gratt. 370; *Eyre* v. *Eyre,* 19 N. J. Eq. 102.

Where, however, such a contract is established by competent evidence, and has been withdrawn from the operation of the statute by possession taken thereunder, and by fair and complete performance on the one hand, a decree for specific performance may be had in favor of the party who has taken possession and fully performed his part in reliance on the contract. *Burns* v. *Fox,* 113 Ind. 205; *Cutsinger* v. *Ballard,* 115 Ind. 93 (96); *Wallace* v. *Long,* 105 Ind. 522, and cases cited; *Mauck* v. *Melton,* 64 Ind. 414. Accepting the averments in the complaint as true, it follows that the contract was fully and fairly performed to the entire satisfaction of the beneficiary. This being so, it is now too late, in the absence of any showing that the latter was overreached, or unfairly dealt with, for his heirs and personal representatives to insist that the contract was uncertain and indefinite, or that it was of a class which, while remaining executory, will not be specifically enforced. 28 Cent. Law Jour. 316. It is said, moreover, that the complaint is insufficient because it is not averred therein that a demand had been made for a deed before the institution of the suit.

It has often been held that before a party can enforce the

specific performance of a contract to convey real estate he must have made a demand for a conveyance, or a sufficient excuse must appear for not having made a demand before bringing suit. *Burns* v. *Fox, supra,* and cases cited. Where, however, it appears that the party who has covenanted to make the conveyance has repudiated, or denies, the contract, or has put himself in such an attitude that a demand would be unavailing, the law will not exact the mere idle ceremony. *Cutsinger* v. *Ballard, supra.*

In the present case it appears, from the complaint, that, regardless of the possession and claim of the plaintiff below, the administrator had filed a petition to sell the land as the property of the decedent, and asserted that the latter was the owner thereof when he died ; and it also appears that the other defendants were asserting title thereto as the heirs of the decedent. These averments show affirmatively that a demand for a conveyance would have availed nothing. They show, in effect, that the heirs and personal representatives of the decedent either denied or repudiated the contract, and they are, hence, sufficient to show an excuse for not making a demand.

There was no error.

The judgment is affirmed, with costs.

Filed April 1, 1890.