## TOMLINSON v. TOMLINSON.

[No. 20,119. Filed April 26, 1904.]

CANCELATION OF INSTRUMENTS.— *Deeds.*— *Fraud.*— *Pleading.*— *Quieting Title.*—A complaint to set aside and quiet title alleged that plaintiff was enfeebled in body and mind, and that defendant, knowing her condition, and his great influence over her, as her son, corruptly intending to defraud her out of her property, obtained a conveyance thereof upon his promise to support and maintain her for life. *Held,* that the allegations of fraud and imposition are sufficient when attacked for first time on appeal. *p. 532.*

SAME.—*Deeds.—Consideration.—Future Support of Grantor.—Abandonment of Contract.—Demand.—Pleading.*—An allegation in a complaint, in a suit to set aside a conveyance of real estate, made in consideration of the future support and maintenance of plaintiff, that plaintiff went to live with defendant on the farm conveyed, in pursuance of the agreement, and soon thereafter the defendant, by a course of inhuman and unnatural treatment, drove plaintiff from his house, is sufficient, as against an assault on the complaint for the first time on appeal, to charge defendant with an abandonment of the contract and thereby render an allegation of a demand for performance unnecessary. *p. 533.*

SAME.—*Deeds.—Quieting Title.—Complaint.—Demand for Possession.*—The total absence of averment of reëntry, or of previous demand for possession, renders a complaint insufficient to support a judgment setting aside a deed made to defendant in consideration of the future support of plaintiff and quieting plaintiff's title to the real estate conveyed. *p. 533.*

NEW TRIAL AS OF RIGHT.—*Cancelation of Deed for Fraud.—Quieting Title. —Ejectment.*—A suit to cancel a deed and revest the title in an owner who has been induced to part with it by fraud is an adjudication of title within the operation of §1076 Burns 1901 giving the unsuccessful party a new trial as of right. *p. 533.*

SAME.—*Mandatory.*—Section 1076 Burns 1901 giving the party against whom judgment is rendered in ejectment a new trial as a matter of right is mandatory, and in a proper case the court has no discretion. *p. 534.*

From Wells Circuit Court; *E. C. Vaughn*, Judge.

Suit by Eliza E. Tomlinson against William H. Tom-
linson. From a judgment in favor of plaintiff, defendant
appeals. Transferred from Appellate Court, under
§1337u Burns 1901. *Reversed.*

*J. Q. Cline* and *W. H. Eichhorn*, for appellant.
*J. S. Dailey, Abram Simmons, F. C. Dailey, C. W. Wat-
kins* and *H. C. Morgan*, for appellee.

HADLEY, J.—Appellee sued appellant, who is her son, to
annul a deed of conveyance of real estate, and to quiet her
title. The complaint is in a single paragraph, and, as
nearly as we are able to make out, in substance, avers that
the plaintiff, being the owner in fee of certain lands, for
several years had been sick and enfeebled in body and
mind, and thereby easily susceptible to the influence and
persuasions of others; and the defendant, knowing the
enfeebled condition of his mother, and the great influence
he had over her as her son, corruptly intending to defraud
her out of her farm, invited her to come and live and make
her home with him, and proposed to and promised her if
she would convey to him forty acres of land he would sup-
port and maintain her, in sickness and in health, the re-
mainder of her natural life. The plaintiff, being overcome
by the persuasions and importunities of the defendant, and
believing his promises would be kept, and that he would
give her a comfortable home with him and supply all her
personal wants, and relying thereon, did, in consideration
thereof, execute to the defendant a deed conveying to him
a certain described forty acres of land. The only consid-
eration for the deed was defendant's promise to provide
for the plaintiff during the remainder of her life. After
the conveyance, plaintiff went to live with the defendant
on the farm conveyed in pursuance of the agreement, and
soon thereafter the defendant, by a course of inhuman and

unnatural treatment, drove the, plaintiff from his house. Wherefore she asks that the deed be set aside, and her title quieted to said real estate. Appellant demurred to the complaint, but pending the demurrer, and without a decision thereon, filed his answer and went to trial. There was a finding for appellee, and, over appellant's motions for a *venire de novo* and a new trial, judgment was rendered against him.

1.    It is assigned here as independent error that the complaint does not state facts sufficient to constitute a cause of action.   The points made against the complaint are (1) that the acts constituting the fraud and undue influence are not sufficiently stated, (2) that no demand for performance, and (3) no reëntry for condition broken, are averred.

A first assault upon a complaint in this court will be successful when it appears that the pleading is destitute of averment of some fact which is absolutely necessary to support the judgment.   *Shoemaker* v. *Williamson,* 156 Ind. 384; *Taylor* v. *Johnson,* 113 Ind. 164.   In this complaint the allegations of fraud are general, and there is no averment of a demand for performance or of a reëntry upon the premises before the action was commenced.   Ordinarily, in a case like this, both these absent averments are essential to a good complaint.   With respect to the demand for performance, see *Schuff* v. *Ransom,* 79 Ind. 458; *Cory* v. *Cory,* 86 Ind. 567, 573; *Lindsey* v. *Lindsey,* 45 Ind. 552, 567.   But such a demand may be dispensed with, when it is made to appear that the defendant has renounced his contract, and given the plaintiff notice of his refusal to perform.   It is sufficiently shown by a refusal that a demand would be unavailing, and the law does not require a useless thing.   *Richter* v. *Richter,* 111 Ind. 456, 461; *Burns* v. *Fox,* 113 Ind. 205; *Harshman* v. *Mitchell,* 117 Ind. 312; *Denlar* v. *Hile,* 123 Ind. 68; *Horner* v. *Clark,* 27 Ind. App. 6, 13.

The allegations of the complaint relating to imposition and fraud, though unskilfully pleaded, are sufficient within the doctrine laid down in the very similar case of *Sherrin* v. *Flinn,* 155 Ind. 422; and the allegation that the defendant, by a course of inhuman and unnatural treatment, drove the plaintiff from his house, though general and in the nature of a conclusion, as against an assault upon the complaint for the first time in this court, we think, is sufficient to charge the defendant with an abandonment of his contract. He had contracted to maintain and keep his mother at his house during the remainder of her life, and to drive her away, which implies coercion, is wholly inconsistent with intended performance. But we know of no case wherein it has been held that an action to enforce a forfeiture for breach of a condition subsequent may be maintained without a reëntry upon the premises, or a demand for possession, which, under our present law, is its equivalent, has been first made and refused. *Clark* v. *Holton,* 57 Ind. 564; *Cory* v. *Cory,* 86 Ind. 567, 573.

A breach does not of itself devest the grantees title. The grantor may prefer his damages, rather than a restoration of his title, and if he elects the latter remedy it has been uniformly held he must signify it by a previous reëntry, or by that which is tantamount thereto. *Preston* v. *Bosworth,* 153 Ind. 458, 74 Am. St. 313, and cases cited. The total absence of averment of reëntry or of previous demand for possession renders the complaint inadequate to support the judgment, and it is therefore null.

2. On December 30, 1902, the court having overruled appellant's motions for a *venire de novo* and for a new trial for cause, final judgment was thereupon rendered annulling the plaintiff's deed, and quieting her title to the real estate in controversy. On February 27, 1903, appellant filed his statutory bond, which was approved by the court, and thereupon moved for a new trial as of right, under §1076 Burns 1901. The motion was overruled, and the

new trial as of right denied, to which an exception was properly reserved. This was error. The action is not an ordinary one to set aside a fraudulent conveyance for the benefit of creditors, but one to annul a conveyance and revest the title in an owner who had been induced to part with it by imposition and fraud. The title was necessarily adjudicated, and the case brought within the operation of said §1076. *McKittrick* v. *Glenn,* 116 Ind. 27; *Warburton* v. *Crouch,* 108 Ind. 83; *Physio-Medical College* v. *Wilkinson,* 89 Ind. 23. The statute providing for a new trial as a matter of right is mandatory, and in a proper case the court has no discretion. *Anderson* v. *Anderson,* 128 Ind. 254.

Judgment reversed, and cause remanded, with leave to amend the complaint.