## HOPPES *v.* HOPPES.

### [No. 23,898.   Filed January 26, 1921.]

1. SPECIFIC PERFORMANCE.—*Right to Relief.—Contract to Convey in Consideration of Care and Support.*—Where the consideration which a son agreed to pay his father for the use and possession of a farm included the personal services of himself and wife in making a home for the father, the son is not entitled to specific performance where the father left the home, since the court, having no power to compel the performance by the son and his wife of the services stipulated, will not decree specific performance by one party where it cannot be enforced as to the other.   p. 170.

2. EQUITY.—*Legal Relief Involving Injustice.—Equitable Jurisdiction.*—Where a complaint, although asking legal relief only, seeks to invoke the action of the court to perpetrate an injustice, the court may deny such relief where the answer invokes the equitable jurisdiction of the court.   p. 171.

3. LIFE ESTATES.—*Nature.*—An estate for the life of the grantor is a freehold estate equally with an estate for the life of the grantee.   p. 172.

4. FRAUDS, STATUTE OF.— *Oral Agreement to Give Use of Land for Life.—Enforcement.—Part Performance.*—Where a father orally agreed to grant his son the use and possession of a farm during grantor's life on condition that the son dispose of his business and move upon the farm, make improvements, furnish the father a home, etc., the taking possession of the farm by the son pursuant to the contract and the making of valuable improvements with the father's knowledge and consent was sufficient part performance to take the case out of the Statute of Frauds.   p. 172.

5. SPECIFIC PERFORMANCE.—*Oral Agreement to Give Use of Land.—Denial of Relief.—Validity.—Performance.*—Where a father orally agreed to give his son the possession and use of a farm on condition that he move on the farm and provide board and care for the father and furnish him a home, the fact that the court could not compel the son to faithfully perform his part of the contract, although affording ground for denying the son a decree for specific performance, did not make the contract void, nor subject to be repudiated by the father, without cause, and without restoration of the consideration received while the son was in possession under the contract and was faithfully performing all its terms.   p. 172.

Hoppes *v.* Hoppes—190 Ind. 166.

6. EJECTMENT.—*Land Occupied Under Oral Contract.—Complaint.—Requisites.—Pleading Right to Rescind.*—In an action in ejectment by a father to recover land which he had orally agreed to permit his son to occupy and use on condition that the son would dispose of his business and move upon the premises, furnish the father a home, etc., if the circumstances under which the contract was made, or the acts or defaults of the son subsequent thereto, gave the father the right to rescind and recover possession upon such terms as equity might impose, such facts should have been set up in the complaint, together with an offer to perform such terms as the court requires. p. 172.

7. PLEADING.—*Demurrer.—Effect.*—Demurrers admit the facts as pleaded. p. 173.

From Jay Circuit Court; *William H. Eichhorn,* Special Judge.

Action by Sylvester Hoppes against John O. Hoppes. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1394, cl. 2 Burns 1914, Acts 1901 p. 565.) *Reversed.*

*Roscoe D. Wheat, George H. Ward, F. S. Caldwell* and *Moran & Gillespie,* for appellant.

*John M. Smith, F. B. Jaqua* and *S. A. D. Whipple,* for appellee.

EWBANK, J.—This was an action in ejectment brought by the appellee against the appellant to recover possession of certain lands of which appellee alleged he was the owner in fee simple and entitled to the immediate possession, together with damages for being kept out of possession. The complaint was in the statutory form, and alleged that appellant unlawfully and without right held possession of the lands from the appellee.

Demurrers to the cross-complaint and to each paragraph of the answer for alleged want of facts having been sustained, the appellant withdrew all but his cross-complaint and the fourth and fifth paragraphs of

his answer, and, declining to plead further, suffered a judgment on such demurrers that the appellee recover possession of the real estate with $100 damages.

The sufficiency of the facts stated in the cross-complaint to constitute a cause of action, and of those stated in each paragraph of the answer to constitute a cause of defense, are the only questions presented for review.

Each paragraph of the answer and cross-complaint is subject to criticism because the pleader has not frankly stated what he means, but has made such equivocal statements as that the appellee was advanced in years, without giving his age, and that appellant made lasting and valuable improvements, at his own expense and outlay, without stating what and how much improvements he made nor what he expended. But no motion was made to require that the pleadings be made more specific.

The substance of each paragraph of the answer and of the cross-complaint is the same, except that some facts are a little more fully and explicitly stated in one than in another. Each alleges, in substance, that the wife of appellee, who was appellant's mother, died on October 29, 1916; that two days later the appellee and his five children, including appellant, held a family council and that appellee told them he had executed his will with certain provisions, which included the provision that appellant and two of his brothers were to have the "home place" in fee simple at appellee's death, that being the land described in the complaint; that appellee orally solicited appellant to agree with him as follows: That appellant should dispose of a jewelry business in which he was engaged at a town some sixteen miles away, in an adjoining county, and purchase all of appellee's live stock and farming implements, and that he and his brothers and sisters should give up to appellee all interest in their deceased mother's estate, and ap-

pellee and his wife should go to live upon said farm, and should make a home for appellee, board and care for him, furnish stable room, feed and pasture for a driving horse for him, and that in consideration thereof appellee would give to appellant the use of said farm, and the rents and profits therefrom for and during appellee's lifetime, and in addition appellee would devise to appellant and his brothers the land in question, and that they might in the meantime set out an orchard and make necessary improvements in the way of ditching and fencing. Appellant alleges that he orally agreed with appellee as above set out, and pursuant thereto did sell out his business at some pecuniary loss, and paid to appellee $2,300 upon taking over appellee's live stock and farming implements, and gave up his share of the mother's estate, which appellee devoted to a use as stated, and at large expense removed with his wife from their former home to said farm on November 7, 1916, took possession of it with the knowledge, consent and approval of appellee, invested $2,700 additional in farming machinery and implements needed and specially adapted to the farming of said real estate, from which appellant will suffer a loss if not permitted to carry out the contract, and made lasting and valuable improvements on said real estate at his own expense, by constructing tile ditches thereon with the knowledge and consent of appellee; that for several months appellee lived and made his home with appellants on said farm, and left without cause, in violation of said agreement; that appellant and his wife have not breached said agreement, but are, and have always been, ready and willing to have appellee make his home with them, and fully to perform said agreement; and that appellee has not offered to reimburse appellant for the expenses so incurred in carrying out the agreement. Each paragraph alleges that out of the estate of appellant's

mother the appellee paid $500 to his daughter. The cross-complaint states that the mother's estate amounted to $577. The fifth paragraph of answer and the cross-complaint allege that appellant had previously made his will, as he is alleged to have said he did, and that pursuant to the alleged agreement he added a codicil making certain changes in it. This suit was commenced November 26, 1917.

The relief demanded by the cross-complaint is that specific performance be decreed, and that appellant's title be quieted, and a commissioner appointed to convey the land to appellant.

The facts alleged are not sufficient to constitute a cause of action for specific performance, for the reason that the consideration which appellant agreed to

1. pay on his part included intimate personal services of himself and his wife, expressed by the stipulation that they should "make a home for the appellee, board and care for him." It is obvious that the court would have no means of compelling the appellant and his wife during the remainder of appellee's life to perform all those intimate services due from a son and daughter-in-law which are implied by the undertaking to make a home for the father and to care for him; and a court will not compel one party to perform when performance by the other cannot also be enforced. *Lindsay* v. *Glass* (1889), 119 Ind. 301, 303, 304, 21 N. E. 897; *Ikerd* v. *Beavers* (1886), 106 Ind. 483, 486, 7 N. E. 326; *Thiebaud* v. *Union Furniture Co.* (1896), 143 Ind. 340, 345, 42 N. E. 741; *Louisville, etc., R. Co.* v. *Bodenschatz Stone Co.* (1895), 141 Ind. 251, 264, 39 N. E. 703.

If appellant already had fully performed his part of the contract by rendering all of the services stipulated for, a different question would be presented. *Denlar* v. *Hile* (1890), 123 Ind. 68, 70, 24 N. E. 170; *Timmonds* v. *Taylor* (1911), 48 Ind. App. 531, 535, 96 N. E. 331.

There was no error in sustaining the demurrer to the cross-complaint.

Appellant's exceptions to the rulings sustaining demurrers to the fourth and fifth paragraphs of the answer present a different question. That question is whether a father who has orally agreed to grant to his son the use and possession of a farm upon a consideration consisting of different items, including the payment to him by the son of $2,300 for stock and implements on the place, the surrender of the son's share of his deceased mother's estate, the making of permanent improvements on the farm at the son's expense, the giving up of the son's business and his removal to the farm, and the purchase by him of farm tools and machinery, as well as boarding and caring for the father and making a home for him, can receive the $2,300 and the mother's entire estate, accept valuable improvements made on the farm, permit the son to expend $3,400 in removing, and preparing to operate the farm, put the son in complete possession, pursuant to the contract, accept board and care for a series of months, under the contract, and at the end of one year can repudiate the contract solely because it was not in writing, and eject his son without returning or offering to return any of the consideration received by him or expended by the son.

It is not in every case that a court will aid in doing an inequitable thing, even though some rule of law forbids affirmative aid to be given to the other 2. party. Sometimes it will refuse to act at all where its action is invoked to perpetrate an injustice. Thus, title cannot be quieted against an unpaid mortgage, even though the running of the statute of limitations has deprived the mortgagee of his remedy to enforce collection of the debt. *Cassell* v. *Lowry* (1904), 164 Ind. 1, 6, 72 N. E. 640. And while the

complaint in this case asked only legal relief, the averments of the answer invoke the equitable jurisdiction of the court to withhold legal relief from the plaintiff if to grant it would involve doing a wrong.

An estate for the life of the grantor is a freehold estate, equally with an estate for the life of the grantee. *Roseboom* v. *Van Vechten* (1848), 5 Denio (N. Y.) 414; 2 Blackstone, Comm. 120; 4 Kent, Comm. 26; 16 Cyc 614. And taking possession pursuant to the contract, and making valuable improvements, with the knowledge and consent of the grantor, was sufficient part performance to take the case out of the statute of frauds. *Cutsinger* v. *Ballard* (1888), 115 Ind. 93, 96, 17 N. E. 206; *Horner* v. *McConnell* (1902), 158 Ind. 280, 285, 63 N. E. 472; *Timmonds* v. *Taylor, supra.* The mere fact that the estate promised to be conveyed was less than a fee cannot deprive the grantee of the protection of a court of equity.

The inability of the court, by decree for specific performance, to compel the grantee faithfully to perform his part of the contract, afforded ground for refusing him affirmative relief, but did not make the contract void, nor subject it to be repudiated by the grantor, without a cause, and without restoration of the consideration received, while the grantee was in possession under the contract, and was faithfully performing all of its terms. *St. Joseph, etc., Co.* v. *Globe, etc., Co.* (1901), 156 Ind. 665, 672, 59 N. E. 995; *Halligan* v. *Frey* (1913), 161 Iowa 185, 141 N. W. 944, 49 L. R. A. (N. S.) 112.

If the circumstances under which the contract was made, or the acts or defaults of the appellant since it was made, give appellee the right to rescind it and to recover possession of the land upon such terms as a court of equity shall impose, those facts should be set up in the complaint, together with

an offer to perform such terms as the court, in the proper discharge of its functions, may impose. *Huffman* v. *Rickets* (1916), 60 Ind. App. 526, 111 N. E. 322; *Tomlinson* v. *Tomlinson* (1904), 162 Ind. 530, 70 N. E. 881.

And if the facts stated in the answer are not true, or if the defense set up by the answers is not available in this action by reason of other facts not yet pleaded, that will be matter of reply. The demurrers admit the facts as they are pleaded.

7.

The trial court erred in overruling the demurrer to each of the fourth and fifth paragraphs of the answer.

The judgment is reversed, with costs, and the cause is remanded, with directions to overrule the demurrer to each of said paragraphs of answer, and for further proceedings not inconsistent with this opinion.