## BROWN *v.* FREUDENBERG.

[No. 15,907. Filed December 20, 1938. Rehearing denied May 23, 1939. Transfer denied October 4, 1939.]

*Nat H. Youngblood, Thomas M. Duncan, Edwin C. Henning,* and *French C. Clements,* for appellant.

*William L. Mitchell,* and *Ollie C. Reeves,* for appellee.

STEVENSON, P. J.—This is an action by the appellee against the appellant to enforce the specific performance of a contract entered into between the appellee and one Carrie Brown, deceased, for the conveyance to the appellee of certain real estate in the city of Evansville. There was a trial by court and upon request, a special finding of facts was made and conclusions of law were stated. A decree was entered upon the conclusions of law in favor of the appellee and a commissioner was appointed to execute a deed conveying to the appellee said real estate. Exceptions were taken to each conclusion of law.

The complaint is in one paragraph to which the appellant, Virgil L. Brown, filed a motion to make more

specific, which motion the court overruled. This ruling constitutes the first error properly assigned. The appellant also filed a demurrer to the complaint for want of sufficient facts, which demurrer the court overruled. This ruling constitutes the second error properly assigned. The third error properly assigned is that the court erred in sustaining the appellee's demurrer to appellant's second paragraph of answer. The other errors assigned and relied on for reversal arise on separate exceptions of appellant taken to each conclusion of law and the overruling of the motion of the appellant for a new trial.

The facts as found by the court are briefly as follows: the appellee, Norma Carrie Freudenberg, was a niece of one Carrie Kister. That on November 6, 1931, said Carrie Kister was an unmarried woman, having neither father or mother, child or children, nor any descendant of any child or children. That she was on said date approximately fifty-seven years of age, living alone on real estate described as lots numbered Fifteen (15) and Sixteen (16), in Block Number Eight (8), in Heidelbach and Elsas Enlargement of the city of Evansville, which was all the real estate that she owned; that located on this real estate was a residence known as 620 North Main Street and on this real estate was also a two-room office building and another smaller residence, which properties the said Carrie Kister was renting to various tenants.

That on November 6, 1931, said Carrie Kister expressed her desire to her niece, Norma Carrie Freudenberg, that she, her husband and their son, leave their home at 621 Keck Avenue and come to the home of said Carrie Kister at 620 North Main Street, and there provide a home for said Carrie Kister, keep the property up, make necessary repairs thereto, look after the same, and provide care and attention to said Carrie Kister,

and as an inducement for said appellee and her family to come to the home of said Carrie Kister, and to do the things for her above set out, said Carrie Kister stated to said plaintiff that she would leave to appellee by will all of the real estate afore-described.

The court further finds that on the 6th day of November, 1931, the appellee accepted this proposal and that she and her husband left their home at 621 Keck Avenue and moved to the home of said Carrie Kister, took possession of the real estate in question and entered upon the performance of the contract.

That the appellee rented her home on Keck Avenue in November, 1931, and did not reside there again until March, 1934. That during the period following November 6, 1931, there were periods of time during which the appellee, with the consent of the decedent and at her request, was temporarily absent from the real estate of the decedent but during said intervals continued to perform her contract to the full and complete satisfaction of said Carrie Kister. That during said periods of absence from the premises the appellee was assisting in the care of her father, a brother of the said Carrie Kister, who was ill and that such service was performed at the request and with the consent of the said Carrie Kister and that a portion of said time was also occupied in the care of appellee's sister-in-law who was then sick.

That from March, 1934, to December, 1934, the appellee lived in her own home at 621 Keck Avenue, but would be at the home of Carrie Kister much of the time assisting her in Carrie Kister's home, and doing whatever the decedent, Carrie Kister, requested the appellee to do, which conduct and actions were performed with the consent of Carrie Kister and in the carrying out of the contract which said Carrie Kister and Norma Carrie Freudenberg had made.

That on August 15, 1933, the said Carrie Kister was

married to the appellant, Virgil L. Brown, who at the time had knowledge of the contract between the appellee and the said Carrie Kister.

That in December, 1934, the appellant and his wife, Carrie Kister Brown, went to Florida and the appellee and her family again took possession and occupied the property at 620 North Main Street and remained in occupancy of said property until the death of Carrie Kister Brown, which occurred on the 29th day of July, 1935.

That the said Carrie Kister Brown died without making a will and without conveying said property to the appellee.

That the appellee, during the existence of the contract, made permanent and valuable improvements on said property located at 620 North Main Street of a value in excess of $200.00 and demanded conveyance from the appellant, which demand was refused.

The court, upon the facts found, stated as conclusions of law that the law is with the appellee and that the appellee is entitled to the relief prayed for in her complaint, and to a decree of specific performance, and to the appointment of a commissioner to make and execute a deed conveying said real estate to the appellee. A decree was entered in accordance with the findings, a commissioner was appointed, and costs were adjudged against the appellant.

The first assignment of error discussed by the appellant is to the effect that the court erred in overruling the motion of the appellant to require the appellee to make her complaint more specific. This motion sought to have the appellee set forth in her complaint with more certainty the character of the possession of the real estate alleged to have been taken by the appellee, the acts which she performed in the services rendered the decedent, and the nature of the repairs made on the property.

It is our opinion that the complaint was sufficient to fully inform the appellant of the nature and character of the charges he was required to meet; that by the specifications of the motion to make more specific the appellant sought to have the appellee aver in her complaint mere evidential facts. The office of a pleading is to assert ultimate or issuable facts and not mere matters of evidence from which the ultimate facts may be inferred. (*Outing Kumfy-Kab Company* v. *Ivey* [1920], 74 Ind. App. 286, 125 N. E. 234.)

We think there was accordingly no error in overruling the motion to make the complaint more specific.

The third assignment of error relied on by the appellant is the alleged error in overruling the demurrer to the appellee's complaint. The fifth, sixth, seventh, eighth, ninth, and tenth assignments of error challenge the correctness of the conclusion of law and the eleventh charges error in overruling appellant's motion for new trial.

All of these assignments of error bring to our consideration the sufficiency of the facts alleged in the complaint and found by the court to justify a decree of specific performance.

The appellant contends that the alleged contract to devise real estate being in parol, it falls entirely within the Statute of Frauds and that in order to remove this contract from the operation of the Statute of Frauds it is necessary for the appellee to show that she entered into the possession of said real estate pursuant to the contract and held exclusive, open, and notorious possession of the real estate involved and made valuable and lasting improvements thereon during said occupancy. The appellant contends that since the decedent, Carrie Kister Brown, continued to reside on said property and to occupy the same as her home, that the appellee never, during the time she resided with her aunt, had such possession of the premises as is sufficient in law to remove

this contract from the operation of the statute of frauds.

The appellant cites many cases to the effect that specific performance of an oral contract for conveyance for real estate can not be had in the absence of possession taken by the purchaser under and pursuant to the contract even though there has been complete compliance with the terms of the contract on the part of the person to whom the land was to be conveyed. (See *Donnelly* v. *Fletemeyer* [1932], 94 Ind. App. 337, 176 N. E. 868, 179 N. E. 190, and cases cited.) In this case last cited the Appellate Court uses this language (p. 343) :

> "But, in order that possession may remove the case from the effects of the statute there must be an open and absolute possession taken under the contract, and with a view to its performance. The possession must be yielded by one party, and accepted by the other, as done in performance of the contract."

And in a petition for rehearing, a further statement appears (p. 344) :

> "Specific performance of a parol contract to convey real estate cannot be had except in cases where possession has been yielded and taken under and pursuant to the contract made, and such possession must be exclusive."

In order to take a case out of the operation of the statute of frauds, it is generally conceded that the person to whom the conveyance is to be made must have changed his position in reliance on said promise and "to take a parol contract for the sale of lands out of the statute of frauds, it must be shown, amongst other things, that the purchaser went into possession under the contract of sale." (*Johns et al.* v. *Johns et al.* [1879], 67 Ind. 440.)

It does not follow however that actual open and exclusive possession of the real estate is an essential requirement in all cases before there can be a decree for

specific performance. Cases where possession has been regarded as of controlling importance were cases where the purchaser became entitled to immediate and exclusive possession under terms of the contract. The appellant has cited no case and we have been unable to find any which holds that exclusive possession is necessary in cases similar to the one at bar involving contracts to convey real estate in return for personal services rendered in nursing and caring for the grantor on the premises which constituted the subject matter of the contract. The court found as a fact that the appellee accepted the offer of the appellant's decedent, Carrie Kister Brown, moved into her home with her family and fully performed the conditions on her part to be performed in compliance with the contract. As long as the contract is executory, courts have consistently refused to decree specific performance. (*Hoppes* v. *Hoppes* [1921], 190 Ind. 166, 129 N. E. 629.) The court, however, in this case last cited recognizes the proposition that had the contract been fully performed, the rule might be different. They accordingly say (p. 170) :

> "If appellant already had fully performed his part of the contract by rendering all of the services stipulated for, a different question would be presented. *Denlar* v. *Hile* (1890), 123 Ind. 68, 70, 24 N. E. 170; *Timmonds* v. *Taylor* (1911), 48 Ind. App. 531, 535, 96 N. E. 331."

This same distinction is recognized in *Ryan* v. *Summers* (1924), 81 Ind. App. 225, 142 N. E. 879. In this case the court denied specific performance of the contract but in so doing, announced the following rule (p. 230) :

> "This is not a case where the services have been fully performed by one party and accepted by the other and nothing is left undone except to execute a conveyance. Where a contract like the one now under consideration has been repudiated and the

services not fully performed, the remedy is at law and not in equity."

The Supreme Court of Illinois has repeatedly held that in cases involving personal services, exclusive possession is not a prerequisite to a decree of specific performance. (*Aldrich et al.* v. *Aldrich et al.* [1919], 287 Ill. 213, 122 N. E. 472; *Gladville* v. *McDole* [1910], 247 Ill. 34, 93 N. E. 86.) We believe it to be the rule that where the grantee takes such possession of the property as is consistent with the existing conditions and circumstances imposed by the contract, and where the contract has been fully performed, specific performance should not be denied for the sole reason that the possession taken was not exclusive in the ordinary meaning of the term.

The evidence offered in this case and the facts found by the court disclose that immediately following the agreement entered into November 6, 1931, the appellee was in possession of the real estate which constituted the home of Carrie Kister Brown and while such possession was not exclusive, it was such possession as was neccessary and consistent with the provisions of the contract which she was attempting to perform. The facts found by the court further disclose that from December, 1934, to the time of the death of said Carrie Kister Brown, the appellee was in exclusive possession and occupancy of the premises. While it is true that during some of the period covered by the contract the appellee was temporarily absent from the premises, the facts disclose that such absence was with the knowledge and consent of the decedent and at her request. There is no evidence from which the court could infer that the appellee intended to waive or surrender her right of action for specific performance, and in the absence of such a showing, such temporary interruption

of possession is not sufficient to defeat the right. (*Drum v. Stevens* [1884], 94 Ind. 181.)

It is our opinion, therefore, that the facts found by the court are sufficient to show such possession as is necessary to take the case out of the operation of the statute of frauds. There was accordingly no error in overruling the demurrer to the complaint or in the courts conclusions of law.

The sufficiency of the evidence to support the special finding of facts is challenged by the motion for new trial. A review of the evidence discloses such testimony as is sufficient to support the facts as found by the court.

Error is assigned in refusing to permit the introduction of certain testimony. A witness, George J. Meyer, was called by the appellant and was asked to detail conversation had with the decedent Carrie Kister Brown in the fall of 1931. To the question, "What was it she said?" the appellee objected on the ground that the answer sought called for self-serving declarations and was hearsay. Whereupon, the defendant made the following offer to prove: "The defendant offers to prove by this witness, and he will so testify if permitted by the court, that the decedent at no time ever told him that she had a contract with Norma to will her any of this property at 620 North Main Street, and that the decedent told him in the fall of 1931 that she wanted Norma and her husband to come over to her house as long as Norma's husband was out of employment, and she would furnish them a home there if they would supply her with board and look after the furnace, and that would enable them to rent their house furnished and receive some income from it."

The court sustained the objection to this question and this ruling the appellant assigns as error. The

appellant contends that such declarations were competent as explanatory of the possession of the property in controversy and was therefore admissible as part of the *res gestae*.

It is our opinion that the evidence offered was at most a narrative of a past transaction. In order to make such declarations competent, it must appear that they relate to the thing then done, and that they have a direct connection with it. *Baker et al.* v. *Baker, Admx., et al.* (1910), 43 Ind. App. 26, 86 N. E. 864.

There was no error in sustaining the objection to this question. Similar questions were propounded and similar offers to prove were made after which the court sustained objections. These questions and answers sought were similar in substance to the one above quoted and the same rules as to their admissibility apply.

It is our opinion therefore, that the court committed no error in overruling the motion for new trial.

The appellant's fourth assignment of error is the sustaining of appellee's demurrer to appellant's second paragraph of answer. This answer alleged in substance that at the time of the making of the alleged contract, the said Carrie Kister Brown was unmarried. That subsequent thereto and on August 15, 1933, said Carrie Kister Brown intermarried with this appellant. The answer further alleges that at the time of the marriage said Carrie Kister Brown was the owner of the real estate involved, that she continued to be the owner until she died. That the appellant was her sole surviving heir at law, and that as such, he is entitled to an interest in this estate and for that reason specific performance of the contract should be denied.

It is our opinion that a contract to convey real estate entered into by an unmarried woman cannot be affected

by her subsequent marriage. That if the contract ██ is such as would otherwise be specifically enforced, her subsequent marriage cannot operate to defeat such right. *Newby* v. *Hinshaw* (1864), 22 Ind. 334; *Joseph* v. *Fisher et al.* (1890), 122 Ind. 399, 23 N. E. 856.

Finding no reversible error in the above record, it is our opinion that the judgment of the lower court should be affirmed.

Judgment affirmed.