ROBISON *v.* PAGE ET AL.
[No. 19,040. Filed March 4, 1959.]

*Grier M. Shotwell, Paul F. Kortepeter* and *Kothe &
Shotwell,* all of Indianapolis, for appellant.

*Paul J. DeVault, Donald A. Schabel* and *Buschmann,
Krieg, DeVault & Alexander,* of counsel, all of Indian-
apolis, for appellees.

BIERLY, J.—Appellant, Annie P. Robison, instituted this action for the specific performance of an alleged oral contract between appellant and her sister, Katherine Page, now deceased, wherein the latter allegedly promised appellant that if she would leave her home in Warren, Indiana, and move to Indianapolis, Indiana, and furnish the said Katherine Page, now deceased, with needed care, companionship and comfort, the said Katherine Page would bequeath and devise all her personal and real property to appellant. Appellee, Addison Thomas Page, is a brother of the decedent, and appellees, Julia Day Page and Helen Page Smith, are children of a deceased brother of the decedent.

There was a trial by the court, and special Findings of Fact and Conclusions of Law thereon were made and stated. Judgment for appellees was entered upon the Conclusions of Law.

From this judgment appellant appeals, assigning as the sole error the overruling of her motion for a new trial. The motion for a new trial specified only the sufficiency of the evidence to sustain the decision, and that the decision of the court is contrary to law.

Inasmuch as the decision was negative to appellant, the first specification of the motion for a new trial presents nothing for review. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905; *Rowe* v. *Johnson* (1945), 223 Ind. 289, 60 N. E. 2d 529; *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669.

We therefore note only the second specification under which appellant must establish that the evidence entitles her to relief which was denied her by the decision of the court.

The facts found by the Court are stated as follows:

"1. Katherine Page, deceased, died intestate, a

resident of Marion County, State of Indiana, on the 27th day of January, 1951.

"2. The plaintiff, Annie P. Robison, is a sister of the decedent. The defendant, Addison Thomas Page, is a brother of the decedent. The defendants, Julia Day Page and Helen Page Smith, are the children of Julian Day Page, a deceased brother of the decedent. The plaintiff and the said three defendants constitute all of the decedent's heirs-at-law.

"3. On the 5th day of February, 1951, the plaintiff, Annie P. Robison, was appointed administratrix of the estate of the decedent. After the filing of the complaint in this cause the said Annie P. Robison was removed as such administratrix and Charles D. Babcock, was appointed administrator d.b.n. of the estate of said decedent. On the 12th day of April, 1956, said Charles D. Babcock, administrator d.b.n., was substituted as a party defendant in this cause, in place of Annie P. Robison, Administratrix.

"4. The decedent died the owner of the following personal property: (personal property herein described in total amount of $6,285.75).

"5. The decedent died the owner of a parcel of real estate in LaSalle County, Illinois, improved with a dwelling house, described as follows: Lot numbered Seven (7) in Block Eighty-three (83) in Ninewa Addition to the Town of Peru, LaSalle County, Illinois, also known as 2119 Main Street, Peru, Illinois.

"6. At the time of the decedent's death the real estate described in the preceding finding was leased to a tenant; and, since the death of the decedent, the plaintiff has received and collected rents therefrom in excess of the sum of $890.86. The plaintiff has never paid or accounted to the defendant, Addison Thomas Page, for any part of the rents so received by her.

"7. The decedent, during her lifetime, was also the owner of various real and personal property in joint tenancy with or payable on death to plaintiff.

"8. On or about October 31, 1950, the decedent suffered a mild paralytic stroke. At that time she

was renting a room and was boarding at the home of Mrs. Helen Miller, 6235 Park Avenue, Indianapolis, Indiana. Mrs. Miller immediately notified the plaintiff, who was then employed at the Warren Memorial Home, Warren, Indiana, and the plaintiff came at once to Indianapolis.

"9. Plaintiff thereafter terminated her employment at Warren, Indiana, moved her personal possessions to Indianapolis, and established her residence at the home of Mrs. Helen Miller with the decedent. Until the death of the decedent on January 27, 1951, the plaintiff furnished nursing care and companionship to the decedent. During this period the decedent paid the living expenses of both plaintiff and herself.

"10. No contract or agreement in writing, or any memorandum or note thereof, signed by the decedent was ever executed whereby the decedent proposed to the plaintiff that the latter give up her employment at Warren, Indiana, and return permanently to the City of Indianapolis in order to care for the decedent and afford her companionship and comfort, or whereby decedent agreed with the plaintiff that if plaintiff would give up her employment and would afford the decedent her companionship, company and nursing care as decedent's condition might require during her lifetime, decedent would execute a will leaving to the plaintiff herein her entire estate.

"11. Prior to the death of the decedent on January 27, 1951, the plaintiff at no time took or had possession of the real estate described above in paragraph 5 of these special findings of fact. At all times during the period between October 31, 1950, and January 27, 1951, said real estate was in the possession of a tenant of the decedent.

"12. On June 7, 1952, the plaintiff, as administratrix of the estate of the decedent, filed in this court a schedule of property for determination of inheritance tax. In said schedule the administratrix listed the defendant, Addison Thomas Page, and the other persons identified in paragraph 2 of these special findings of fact, as the heirs-at-law of the intestate estate of the decedent and claimed exception accordingly in computing the interitance

tax. In said schedule the administratrix did not claim any deduction in computing the inheritance tax on account of the contract claim which she is now asserting against the estate in this cause, nor did she make any reference in said schedule to any such claim against the estate. The original complaint in this cause was not filed until June 15, 1954."

As Conclusions of Law upon the facts the court stated:

"1. Plaintiff has an adequate remedy at law on a *quantum meruit* to recover the value of any services performed by her for the decedent.

"2. Plaintiff is not entitled to the equitable relief prayed for in her amended complaint.

"3. The defendant, Charles D. Babcock, administrator d.b.n. of the estate of Katherine Page, deceased, upon the final closing of said estate should distribute the balance of the personal property described in paragraph 4 of the foregoing special findings of fact remaining after the payment of all debts and liabilities to the persons entitled thereto under the laws of intestacy of the State of Indiana.

"4. The real estate described in paragraph 5 of the foregoing special findings of fact is owned by the heirs of Katherine Page, deceased, under the laws of intestacy of the State of Illinois as tenants in common, and said heirs are entitled to the rents referred to in paragraph 6 of the foregoing special findings of fact.

"5. The defendant, Addison Thomas Page, is entitled to one-third of the rentals received by plaintiff from the real estate described in paragraph 5 of the foregoing special findings of fact and is entitled to have plaintiff account to him therefor."

Appellant complains that there was uncontradicted evidence to establish the alleged oral contract or agreement relied upon, and therefore, she was entitled to a finding by the court that such agreement or oral con-

tract was entered into as alleged. While we think that the determination of the credibility and weight to be given the parol testimony of the witnesses rests wholly with the trial court and that there were various other material elements and factors in the evidence proper for the court to consider on the question of the alleged oral contract, yet it seems to be unnecessary for us at this point to dwell at length thereon because "Appellant concedes that the oral contract to devise and bequeath is within the Fourth Section of the Statute of Frauds," §33-101, Burns' 1949 Replacement.

However, appellant follows such admission with the contention that "the facts of the case and the controlling principles of substantive law applicable thereto, take the case out from the operation of the Statute of Frauds." This contention is predicated upon appellant's proposal that in reliance upon decedent's promise, she gave up her home in Warren, Indiana, moved to Indianapolis and furnished decedent with the agreed care, companionship, comfort and personal services until the death of the decedent; and that as a consequence appellant was compelled to and did make such a material change in her position "in reliance on an oral promise made to her by the decedent. It is for such change of position that appellant seeks relief in equity, for the damages she has sustained in giving up her employment, changing her mode of life and moving her residence, cannot be estimated so as to give her an adequate remedy at law."

Appellant relies heavily on the case of *Brown* v. *Freudenberg* (1939), 106 Ind. App. 692, 17 N. E. 2d 865, for a reversal of the trial court in the case at bar. This is a case where appellee entered into an oral agreement with her aunt, Carrie Kister, whereby appellee, her husband, and son, would leave their home and

move to the home of Carrie Kister, make a home for her, provide care and attention to her, "keep the property up, make necessary repairs thereto, look after the same" in consideration of Carrie Kister leaving by will to appellee all her real estate described in the complaint. Appellee fully performed and made permanent and valuable improvements on the real estate agreed to be conveyed, in value in excess of $200.00. Carrie Kister in the meantime married one Virgil L. Brown and died without making a will and without conveying the said real estate to the appellee. The action for specific performance was brought against said Virgil L. Brown as sole heir of Carrie Kister Brown. The trial court found for plaintiff-appellee and the Appellate Court affirmed the trial court. At page 698 the court said:

> "In order to take a case out of the operation of the statute of frauds, it is generally conceded that the person to whom the conveyance is to ■ be made must have changed his position in reliance on said promise and 'to take a parol contract for the sale of lands out of the statute of frauds, *it must be shown, amongst other things, that the purchaser went into possession under the contract of sale.' (Johns et al.* v. *Johns et al.* (1879), 67 Ind. 440)." (Emphasis supplied.)

At page 701 in reference to said case the Appellate Court said:

> "It is our opinion, therefore, that the facts found by the court are sufficient to show *such possession as is necessary to take the case out of the operation of the statute of frauds. . . .*" (Emphasis supplied.)

In that case, *Brown* v. *Freudenberg, supra,* our court held, and we think rightly so, that appellee went into and took such possession of the real estate "as was necessary and consistent" with the provisions of the

oral contract, and thus appellee was entitled to specific performance; but the facts shown by the evidence in the case at bar disclose no actual possession of the real estate by appellant, nor such possession as was necessary and required to remove the alleged oral contract out of the inhibitive sphere of the Statute of Frauds.

The Supreme Court of Indiana in the case of *Wallace, Administrator* v. *Long, Guardian* (1886), 105 Ind. 522, 5 N. E. 666, established what is generally conceded to be the guiding rule in Indiana relative to an oral contract to devise and bequeath real estate and personal property as affected by the Statute of Frauds. In this case a decedent had orally agreed that if plaintiff would live with decedent in her home and serve her wants until the death of decedent, she would in consideration thereof leave to plaintiff all her estate, both real and personal. Plaintiff, relying on the promise, fully performed and brought the action to recover the value of the entire estate of decedent. In the opinion, at page 526, the court said:

"When the title to property, either real or personal is to be acquired by purchase, the statute of frauds will operate upon and affect the contract in precisely the same manner, whether the consideration for the purchase is to be paid in services, money or anything else. In either case, such a contract, being in parol and entirely executory, can not be enforced by either party, and it may be doubted whether a contract, which is within the statute so as to be incapable of specific enforcement, has sufficient validity to support an action for damages by either party, unless the contract was induced under, or its violation is involved in, some special circumstances of fraud or bad faith. *Barickman* v. *Kuykendall*, 6 Blackf. 21; *Ballard* v. *Bond*, 32 Vt. 355; *McCracken* v. *McCracken*, 88 N. E. 272; *Bender* v. *Bender*, 37 Pa. St. 419. The most that can be recovered in such

a case is the value of what may have been paid or performed by one party in reliance upon such a contract, when the other refuses to perform. Reed Stat. of Frauds, sections 737, 761-2; *Day* v. *Wilson*, 83 Ind. 463, (43 Am. R. 76)."

Thus the Wallace case established that an oral contract to devise real estate not only is within the Statute of Frauds, but that in addition to performance of services by the promisee, the claimant must also take possession of the real estate to be devised during the lifetime of the decedent in order to remove the oral contract from the limitations set in the Statute of Frauds. The court held in that case that the oral contract was unenforceable and that plaintiff-appellant could recover only the value of services.

In a case decided subsequent to July 11, 1956, on which date the case at bar was decided by the trial court, the Appellate Court in *Hurd* v. *Ball* (1957), 128 Ind. App. 278, 143 N. E. 2d 458, speaking through Judge Kelley, in affirming *Wallace, Administrator* v. *Long, Guardian, supra*, at page 464, said:

"If the verbal agreement relative to the promise to bequeath and devise by will, as alleged in the complaint, be forbidden by the Statute of Frauds, it cannot be specifically enforced. . . ."

In the same case of *Hurd* v. *Ball, supra*, in holding that even though the "promisee has no method of recovery . . . However, one is not to be relieved from the restraining influence of the Statute of Frauds and permitted to specifically enforce an oral agreement within such statute merely because of the absence of a legal remedy. Either the oral agreement is within the statute or it isn't. There is no middle ground."

In a more recent case subsequent to *Hurd* v. *Ball,*

*supra,* this court in *Genda* v. *Hall* (1958), 129 Ind. App. 643, 154 N. E. 2d 527, in an opinion written by Judge Cooper, at page 532 said:

"Regardless of any shortcomings which may appear in the Wallace case, *supra,* we are nevertheless bound by it."

Furthermore, in this case Judge Cooper at page 533 quoted the Supreme Court in the case of *Swales* v. *Jackson* (1890), 126 Ind. 282, 26 N. E. 62, 63, as follows:

" 'To bring a parol contract for the sale of real estate within the exception to the statute, which requires all such contracts to be in writing, *there must be an open and visible change of possession under the contract.'* "

In *Brown* v. *Freudenberg, supra,* the court held with the trial court and *granted relief* sought by the appellee, thereby holding the oral contract to be enforceable and the possession of the real estate by appellee being the controlling element in determining the decision of the trial court; but in the case of *Wallace, Administrator* v. *Long, Guardian, supra,* the court held with the trial court and *denied relief* sought by the appellant, thereby holding the oral contract unenforceable because the appellant failed to establish possession of the real estate in such a degree as to remove the contract from the Statute of Frauds.

The evidence in the case at bar does not disclose that the appellant took such possession of the real estate in question as to remove the alleged oral contract from the operation of the Statute of Frauds.

The evidence further discloses that the appellant has an adequate remedy at law.

It is our opinion that appellant in the case at bar has failed to carry the burden of establishing error of

record and that the judgment of the trial court, therefore, must be affirmed.

Judgment affirmed.

NOTE.—Reported in 156 N. E. 2d 389.