## RYAN *v.* SUMMERS.

[No. 11,780.   Filed March 13, 1924.]

1. PLEADING.—*Amended.*—*Paragraph After Demurrer Sustained.*—Where a new complaint is filed after a demurrer is sustained to the original, the second complaint is, in effect, an amended complaint, though entitled a second paragraph of complaint. p. 227.

2. SPECIFIC PERFORMANCE.—*Discretionary with Court.*—Specific performance of a contract is not a matter of right, but rests in the sound discretion of the court, and depends, in a large measure, on the facts in each specific case, so that, even where the terms of the contract are clear, certain and unambiguous, it will not always be enforced. p. 228.

3. SPECIFIC PERFORMANCE.—*When not Enforced.*—A contract for the continuing care of, and personal service to, an old person of unsound mind, where the parties are to bear towards each

other relations of confidence and respect, belongs to a class, which will not be specifically enforced.    p. 229.

4.   SPECIFIC PERFORMANCE.—*Contract.*—*Requisites of.*—A contract, to be capable of being specifically enforced, must be complete, certain and fair, and the parties must have agreed on and so clearly defined all the material and necessary details as to leave no doubt as to what is required to be performed to comply with the contract.    p. 230.

5.   SPECIFIC PERFORMANCE.—*Contract.*—*Indefinite and Uncertain.*—A contract with a husband to live in his home and assist in keeping his mentally unsound wife, an aged woman, from wandering away from home, which service was to continue during the lifetime of the wife, is so indefinite and uncertain as to what was to be done in the way of assisting, who should direct the manner of assisting, and when and how it should be done, the character of the services to be rendered being left wholly to the discretion of the party rendering them, will not be enforced.    p. 230.

6.   ACTION.—*Specific Performance or Damages.*—A complaint alleging a contract with a husband to pay for personal services to his wife, plaintiff's discharge before full performance thereof, her offer and tender of performance, her demand for a conveyance of property as agreed on the wife's death, and defendant's refusal, will be construed as a complaint for specific performance only and not for damages for breach of contract, although it contains an allegation of plaintiff's inability to secure other work for several weeks after her discharge. p. 231.

From Boone Circuit Court; *Earl F. Grube,* Special Judge.

Action by Mary Lissa Ryan against Martin Summers. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Ira M. Sharp,* for appellant.

*Paul Laymon* and *Dodson & Seifres,* for appellee.

McMAHAN, J.—Appellant filed a complaint in one paragraph for the specific performance of a contract. A demurrer was sustained and the appellant excepted and afterwards, by leave of court, filed a "second paragraph of complaint" to which a demurrer was also sustained, an exception reserved and, upon appellant's

refusal to plead further, a judgment was rendered and this appeal follows.

The so-called second paragraph of complaint states the same cause of action upon which the first was based and, when filed, constituted the only complaint then before the court for action. The first complaint having gone out on demurrer, the second complaint was, in effect, an amended complaint, without regard to the manner in which it was entitled. *Scheiber* v. *United Tel. Co.* (1899), 153 Ind. 609.

Said second paragraph of complaint alleged, that on June 21, 1922, appellant and appellee entered into a written contract, which, after reciting that appellee was guardian of his wife, Celia Summers, who was a person of unsound mind and who had to be watched and restrained from leaving and wandering away from her home, which was with the appellee, stated that appellee had entered into a contract with appellant wherein she was "to assist in keeping his wife, the said Celia Summers, from leaving her home and wandering away and always to act as chauffeur in driving the auto when asked to do so." By the terms of this contract, appellee agreed to pay appellant for such services $12 a week, and, as further consideration for the services of appellant, appellee agreed that appellant was to have title, by a good and sufficient deed in fee simple, made to her for certain real estate. The complaint also alleged that at the time when the contract was entered into, Mrs. Summers was about eighty-five years of age and was of unsound mind; that appellee was eighty-eight years of age and employed appellant to assist him in keeping and watching his wife from wandering away from home and to act as chauffeur; that she was to continue such employment during the lifetime of Mrs. Summers and, at her death, appellee was to convey the real estate, which is alleged to be of the value of $2,500,

to appellant; that appellant had fully performed all the conditions in the contract required of her, but that on November 27, 1922, appellee repudiated the contract and refused to be bound thereby; that appellant offered to perform such services and tendered her services to appellee; that Mrs. Summers died in December, 1922. It also alleged a demand for the conveyance of the real estate, the refusal of the appellee to convey and the inability of the appellant to secure other work for the period of four weeks after her discharge.

Whether the specific performance of a contract will be granted depends in a large measure upon the facts in the case. Even where the terms of the contract are clear, certain and unambiguous, specific performance is not a matter of right, but rests in the sound discretion of the court, to be determined from all the facts and circumstances. *Edwards* v. *Brown* (1923), 308 Ill. 350, 139 N. E. 618.

In *Humphrey* v. *Johnson* (1920), 73 Ind. App. 551, 137 N. E. 819, the court aptly said: "Where one enters into a contract to live with aged persons, to provide for their wants, to nurse them in sickness, and to care for them in their helplessness, a relation of trust and confidence is created, in which the personal element is of unusual significance. It is essential to the proper performance of such a contract that mutual respect, confidence, sympathy and kindness shall prevail. If these things are lacking, if aversion, hatred, distrust and discontent should arise, the situation would become intolerable—especially for the aged. It is apparent that where the psychological conditions essential to the proper performance of the contract, as above indicated, do not exist, there is an element of impropriety, not to say danger, in all such contracts, if compensation is made to depend on the continuation of the services until the death of the aged. These considerations constitute

an impelling and indisputable reason for holding that either may abandon the contract arbitrarily, and in that event the only rational standard by which to adjust the parties is found in the *quantum meruit.*"

In *Hoppes* v. *Hoppes* (1921), 190 Ind. 166, 129 N. E. 629, the court refused to grant specific performance of a contract calling for the rendition of personal services of a son and his wife in making a home for the father, the court, in the course of the opinion, saying: "It is obvious that the court would have no means of compelling the appellant and his wife during the remainder of the appellee's life to perform all those intimate services due from a son and daughter-in-law which are implied by the undertaking to make a home for the father and to care for him; and a court will not compel one party to perform when performance by the other cannot also be enforced."

The contract in the instant case called for continuing care and personal services, and for proper execution required that the parties concerned should occupy towards each other relations of confidence and esteem. Such contract belongs to a class the specific performance of which courts of chancery do not undertake. *Lindsay* v. *Glass* (1889), 119 Ind. 301.

*Ikerd* v. *Beavers* (1886), 106 Ind. 483, was an action for the specific performance of a contract to convey land in consideration of care and support to be furnished the owner during his life. Specific performance was denied, the court, at page 485, saying: "It is essential to the jurisdiction of a court of equity to enforce the performance of a contract, that certain qualities should be found inherent in the contract itself. Besides being complete and definite, it must belong to a class capable of being specifically enforced, and be of a nature that the court can decree its complete performance against both parties without adding to its terms. The contract

must be fair, just and equal in its provisions, and the circumstances must be such, at the time the court is called upon to act, that to enforce it would not operate to the oppression of the person against whom the enforcement is asked.    Moreover, it must appear that the plaintiff has no adequate remedy at law, and that to refuse to perform the contract would be a fraud upon him."

A contract in order to be capable of being specifically enforced by a court of chancery, must be complete, certain and fair.    In cases of this kind, courts can only proceed when the parties have themselves agreed upon all the material and necessary details of their bargain.    If any of these are omitted, or left obscure and undefined, so as to leave the intention of the parties uncertain respecting any substantial terms of the contract, the case is not one for specific performance.    *Ikerd* v. *Beavers, supra.*

The agreement of the appellant in regard to the most essential part of the contract, was "to assist" in keeping appellee's wife from leaving her home and wandering away, and to act as chauffeur when asked.    What appellant should do in the way of assisting in looking after appellee's wife, who should direct the manner in which appellant was to assist, what she should do, and when or how she should do it are all left to conjecture.    Without supplying essential features, no court could have framed a decree during the lifetime of Mrs. Summers so as to have afforded appellee sufficient protection.    The character of the services which appellant was to perform was wholly in her discretion.    Such a contract cannot be said to be so fair, just, equal and definite in its terms, as to be the subject of favor in a court of conscience.    See *Lisk* v. *Sherman* (1857), 25 Barb. (N. Y.) 433.    This is not a case where the services have been fully performed by one

United Automobile Ins. Assn. *v.* Henderson—81 Ind. App. 231.

party and accepted by the other and nothing is left undone except to execute a conveyance.   Where a contract like the one now under consideration has been repudiated and the services not fully performed, the remedy is at law and not in equity.

Appellant's complaint must be construed simply as a complaint for specific performance, and not as a complaint for damages for breach of the contract or to recover compensation for services rendered.

There was no error in sustaining the demurrer to the complaint.

Judgment affirmed.