## NEEL *v.* THE CASS COUNTY FAIR ASSOCIATION

[No. 20,710. Filed October 8, 1968. No Petition for Rehearing filed.]

*Miller, Tolbert & Hirschauer,* of Logansport, for appellant.

*Lynn O'Neill,* of Logansport, and *Albert W. Eubank,* of Indianapolis, for appellee.

FAULCONER, J.—The appellant brought this action for specific performance of an alleged contract for conveyance of certain real estate owned by appellee. The appellee filed answer in several paragraphs of admission, denial and affirmative defenses and also filed its cross-complaint asking that the title to said real estate be quieted in it. After the issues were closed, the cause was submitted to the court for trial, at the end of which the court made findings of fact and conclusions of law upon which the court entered judgment for appellee and against appellant. Appellant's motion for new trial was overruled and such action is assigned as error on this appeal. The only specification of his motion for new trial that appellant argues here is that the decision is not sustained by sufficient evidence and is contrary to law.

Appellee has previously filed a motion to dismiss or affirm on grounds that the findings and conclusions are not attacked separately in the motion for new trial. We denied the motion to dismiss but held in abeyance any ruling on the motion to affirm. Appellee is correct as to the conclusions of law. Conclusions of law cannot be attacked under the specifications in appellant's motion for new trial that the decision is not sustained by sufficient evidence or that the decision is contrary to law. Therefore, any error in the conclusions of law is waived. *Dorweiler et al.*

*v. Sinks et al.* (1958), 128 Ind. App. 532, 548, 148 N. E. 2d 570 (transfer denied 151 N. E. 2d 142).

It is not in this state that errors in findings of fact are properly raised under the general specifications that the decision or finding is not sustained by sufficient evidence or is contrary to law. *Fagel v. Fagel* (1967), 140 Ind. 663, 234 N. E. 2d 628. Therefore, appellee's motion to affirm is denied.

The facts and circumstance in this cause can be best understood by setting forth verbatum the trial court's findings of fact, the conclusions of law and its judgment.

"The Court having been requested by both the plaintiff and the defendant so to do, now specially finds the facts herein to be as follows:

1. That the Cass County Fair Association is a corporation duly organized May 12, 1915 with a stated term of existence of 50 years; and that the corporate charter of said Cass County Fair Association expired and terminated on May 12, 1965.

2. That on July 15, 1936 the Cass County Fair Association was the record owner of the following particularly described real estate all situate in Cass County, Indiana, to-wit: (description omitted)

3. That prior to said date the Cass County Fair Association had mortgaged said real estate to Logansport Loan and Trust Company; that said mortgage had been foreclosed in an action for that purpose maintained in the Cass Circuit Court; and that in a sale under said decree of foreclosure, Thomas Yater, as Special Representative of the Department of Financial Institutions in charge of the liquidation of Logansport Loan and Trust Company, had become the purchaser and was on July 15, 1936 the holder of a Sheriff Certificate theretofore issued by the Sheriff of Cass County on November 9, 1935.

4. That on July 15, 1936 Ben Pennington was the duly elected President and William Thomas the duly elected Secretary of the Cass County Fair Association.

5. That prior to said July 15, 1936 Ben Pennington and William Thomas had requested Clarence E. Neel to pur-

chase said Sheriff's Certificate from Thomas Yater as Special Representative, for the benefit of the Cass County Fair Association and he had agreed so to do; and on July 15, 1936 Clarence E. Neel did do [sic] purchase solely for the benefit of said Association said Sheriff's Certificate.

6. That on November 18, 1936, contrary to his agreement Clarence E. Neel surrendered said Sheriff's Certificate and obtained a Sheriff's Deed for said above described real estate running solely to Clarence E. Neel.

7. That taking title to said real estate by Clarence E. Neel in his own name was contrary to the requests and representations Ben Pennington, William Thomas and Clarence E. Neel had each theretofore made to the other prior to the purchase of said certificate by Clarence E. Neel.

8. That on and prior to February 26, 1937, Ben Pennington and William Thomas requested Clarence E. Neel to convey said hereinbefore described real estate to the Cass County Fair Association; and that on said date, his wife joining therein, Clarence E. Neel conveyed said real estate to said association.

9. That at the time of said conveyance the Cass County Fair Association paid to Clarence E. Neel the sum of $750.00 in money and gave its note for $3,000.00 secured by mortgage on said conveyed real estate to Clarence E. Neel in full payment for said real estate. That said note was thereafter paid in full by said Association and said mortgage thereafter released March 2, 1942. That said Cass County Fair Association has never since been and is not now indebted to Clarence E. Neel.

10. That at the time of the delivery by Clarence E. Neel of his deed to the Cass County Fair Association an agreement was manually signed by Clarence E. Neel and Ben Pennington and William Thomas, and its recitals are the basis of this action, which said agreement is marked Plaintiff's Exhibit No. 8.

11. That Clarence E. Neel insisted upon, and said manual signing occurred prior to the delivery by Clarence E. Neel of his deed running to the Cass County Fair Association.

12. That said agreement is without consideration.

13. That said agreement is a fraud upon the Cass County Fair Association.

14. That said agreement is unconscionable as to the Cass County Fair Association.

15. That the enforcement of said agreement in this case would result in the unjust enrichment of the plaintiff.

16. That said agreement is too indefinite in its terms and descriptions to be the subject of an action for specific performance.

17. That said agreement is invalid as it violates the law against perpetuities.

18. That said agreement is a cloud upon the title of the Cass County Fair Association in and to the herein described real estate.

19. That the Cass County Fair Association has conducted county fairs and race meetings every year since 1937 through 1965.

20. That the Cass County Fair Association has not offered any real estate for sale since February 26, 1937.

21. That plaintiff's demand, Exhibit D, shows on its face to have been served more than ninety days after May 12, 1965.

And now upon said facts as specially found, the court states the following several conclusions of law:

1. That the law is with the defendant.

2. That the defendant is entitled to have its title in and to the real estate hereinabove described quieted as against any and all claims of the plaintiff therein.

3. That defendant should have and recover of and from the plaintiff its costs.

IT IS THEREFORE BY THE COURT CONSIDERED AND ADJUDGED that plaintiff Clarence E. Neel, take nothing herein of the relief prayed in his complaint.

IT IS FURTHER BY THE COURT CONSIDERED AND ADJUDGED that the defendant and counter-claimant, The Cass County Fair Association, is the owner of the following particularly described real estate all situate in Cass County, Indiana, to-wit: (description omitted) that the claim asserted therein by plaintiff and counter defendant, Clarence E. Neel, is wholly without right and unfounded, and that the title of the Cass County Fair

Association therein and thereto as against the claim of plaintiff and counter defendant Clarence E. Neel, be, and the same now is, hereby quieted and forever set at rest.

IT IS FINALLY BY THE COURT CONSIDERED AND ADJUDGED that defendant and counter-claimant, The Cass County Fair Association, recover of said Clarence E. Neel, plaintiff and counter defendant, its costs and charges herein laid out and expended."

The trial court's decision in refusing to grant specific performance being the main thrust of appellant's argument, reference to some pertinent rules of specific performance will aid us in reviewing such decision.

"Specific performance is an equitable remedy, and the power of a court to compel specific performance is an extra-ordinary power." 26 I. L. E., *Specific Performance*, § 1, p. 64.

"To be specifically enforceable a contract must be clear, certain and definite in all its material provisions . . . . More certainty is required in a contract where specific performance is invoked than is required where the remedy is sought at law by way of damages, and where there is ambiguity, doubt or uncertainty with respect to the contract, equitable enforcement by specific performance will be denied and the parties will be left to their remedy at law." Ibid., § 27, pp. 79-80.

"Generally to constitute a basis for specific performance, a contract must be fair, just and reasonable, as long as the contract remains executory on both sides. Although there is no blame or fraud attaching to the party seeking specific performance, if there is a want of equality and fairness in the contract, the court will not exercise its extraordinary jurisdiction in specific performance."

"In determining the fairness of the contract, the court will look to surrounding circumstances, such as incapacity or inequality of the parties, the manner of the execution of the contract, the experience or inexperience of the parties and their opportunity to advise with others of experience." Ibid, § 31, pp. 85-86.

"The equitable remedy of specific performance is not available as a matter of right, . . . and may be resisted

on weaker grounds than are necessary for its maintenance, and the granting of such relief rests in the sound judicial discretion of the trial court." *Marion Trucking, Inc. v. Harwood Trucking, Inc.* (1945), 125 Ind. App. 1, 9, 116 N. E. 2d 636 (transfer denied). 26 I. L. E., *Specific Performance*, § 3, pp. 66-67.

"However, the 'sound discretion' of the court means, and must be, a sound 'judicial' discretion ***. Such judicial discretion is conformable to the established facts in the case and the abuse thereof 'is an erroneous conclusion and judgment, one clearly against the logic and effect of the facts before the court or against the reasonable, probable and actual deductions to be drawn therefrom.' " *Gyr et al. v. Hagemann et al.* (1960), 130 Ind. App. 212, 219, 220, 163 N. E. 2d 620; *Guraly v. Tenta, et al.* (1956), 126 Ind. App. 527, 531, 132 N. E. 2d 725. (Transfer denied).

"The contract must be fair, just and equal in its provisions, and the circumstances must be such, at the time the court is called upon to act, that to enforce it would not operate to the oppression of the person against whom its enforcement is asked. Moreover, it must appear that its plaintiff has no adequate remedy at law, and that to refuse to perform the contract would be a fraud upon him." *Ikerd et al. v. Beavers* (1886), 106 Ind. 483, 485, 7 N. E. 326; *Ryan v. Summers* (1924), 81 Ind. App. 225, 229, 230, 142 N. E. 879.

"If a greater wrong is likely to result to the defendant because of the granting of specific performance than the plaintiff will suffer in case it is withheld, equity may refuse to grant specific performance." 26 I. L. E., *Specific Performance*, § 4, p. 69.

It is, of course, not necessary that the evidence support each and every finding made by the trial court. If any one or more of the findings material to the judgment is sustained by sufficient evidence or legitimate inference therefrom, the judgment of the court must be affirmed.

"When it appears that a judgment is based upon two findings or grounds, either of which independent of the other is sufficient to support the judgment, it will not be reversed because of error relative to one of such findings or grounds." *Lyon v. Aetna Life Insurance Company* (1943),

112 Ind. App. 573, 584, 44 N. E. 2d 186. (Transfer denied) ; *Putt et al. v. Putt et al.* (1897), 149 Ind. 30, 39, 48 N. E. 356, 51 N. E. 337.

The evidence in this cause is not without conflict. The circumstances surrounding the obtaining of a sheriff's deed to the property by appellant in 1936, those surrounding the execution and delivery of the deed from appellant to appellees, the mortgage and note from appellee to appellant and those surrounding the execution of the subject "agreement" in 1937 are in direct conflict on many vital points. Even the understanding of the parties to the "agreement" as to its purpose is in conflict. It is the general rule of law that where the evidence is conflicting it is the exclusive province of the trial court or jury to weigh the evidence, reconcile, if possible, any conflict in the testimony of the witnesses and then decide whom to believe. *Indianapolis Railways v. Williams* (1945), 115 Ind. App. 383, 394, 59 N. E. 2d 586.

A careful review of the evidence prevents us from stating that the trial court abused its discretion in denying appellant specific performance of this "agreement". We are of the further opinion, after a consideration of the facts and circumstances evidenced by the testimony and exhibits produced at this trial, that there is sufficient evidence or legitimate inference therefrom to support several findings of the trial court material to the judgment denying specific performance, including, but not limited to, the court's findings that the agreement is unconscionable and that its enforcement would result in unjust enrichment of the plaintiff. Indeed the evidence leads its reader to the same conclusion that the trial court reached; that this contract is not one a court of equity should extend its extraordinary powers to specifically enforce.

Therefore, we find no reversible error in the court's denial of specific performance.

In Point 4 of the argument appellant attacks that part of the Court's decree which quiets title in the appellee. This argument covers less than one page of his brief, is without citation of authority, nor does appellant state whether he attacks the findings, conclusions or judgment. Appellant merely states a conclusion that if it is true as he urges it is that he "has a legally enforceable option agreement" and the conditions therein "have ripened to the point where they should be enforced by a court of equity," then appellee's claim is not such that could be quieted. This argument is wholly insufficient to present error under Rule 2-17 of the Rules of the Supreme and Appellate Courts. Therefore, in our opinion, appellant has waived any error in that part of the judgment quieting title to the property in the appellee.

Finding no reversible error the judgment in all things is affirmed.

Judgment affirmed.

Carson, C.J., Cooper and Prime, J.J., concur.

NOTE.—Reported in 240 N. E. 2d 546.